**Roy DUMAS, Petitioner–Appellant,**

v.

**Supt. Walter KELLY, Respondent–Appellee.**

**Nos. 05–3153–pr, 05–6156–pr.**

United States Court of Appeals, Second Circuit.

June 28, 2006.

Brian Sheppard, New Hyde Park, NY, for Petitioner–Appellant.

Johnnette Traill, Assistant District Attorney, (John M. Castellano, Assistant District Attorney, on the brief) for Richard A. Brown, District Attorney for Queens County, Kew Gardens, NY, for Respondent–Appellee.

Present: ROGER J. MINER, GUIDO CALABRESI, and PAUL R. MICHEL,[1] Circuit Judges.

## SUMMARY ORDER

In this consolidated appeal, Roy Dumas ("Dumas") seeks review of two orders from the United States District Court for the Eastern District of New York (Gleeson, *J.*), denying his motions to convert a previously-granted conditional writ of habeas corpus into an unconditional writ. Dumas argues that he is entitled to such relief because the state failed to comply with the earlier order to provide him a direct appeal from his 1983 conviction for second-degree murder and second-degree arson. We assume the parties' familiarity with the facts, the procedural history and the issues on appeal.

Briefly, on September 20, 2001, Dumas was granted a conditional writ, requiring his release if a direct appeal was not provided within 45 days. Although one 45-day extension was granted, no further extensions were sought pending the appeal of the conditional writ to this Court. In papers dated March 16, 2005 and April 15, 2005, Dumas sought an unconditional writ immediately releasing him from custody, vacating his conviction and barring any future reinstatement of the conviction, or in the alternative, an order releasing him on bail. On May 23, 2005, the district court denied the motion and granted the cross-motion for a stay pending this Court's ruling on the pending appeal. It noted that the proper remedy for the alleged ineffective assistance of Dumas' trial counsel was "an appeal in state court, not release from custody or even a new trial." Dumas appealed and a certificate of appealability ("COA") was granted.

Dumas filed a second motion on July 22, 2005, followed by a letter dated August 5, 2005, seeking an order (1) granting the same relief which had already been denied;

---

1. The Honorable Paul R. Michel, Chief Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

(2) setting specific deadlines with respect to his direct appeal in state court; or (3) compelling the production of grand jury transcripts, the trial prosecutor's notes and other documents relevant to determining whether it was possible to reconstruct the contents of certain missing trial transcripts. On October 11, 2005, the district court denied the motion, observing that a federal court "may not properly manage or supervise the appeal [in state court] as it progresses." It subsequently denied Dumas' request for another COA. On April 21, 2006, this Court granted a motion to consolidate and expedite the two pending appeals; we also expanded the COA to include the issues raised in the latter motion.

A district court has broad discretion in fashioning conditional habeas relief. *Hilton v. Braunskill*, 481 U.S. 770, 775, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987); *Grasso v. Norton*, 520 F.2d 27, 38 (2d Cir.1975) (finding it within the district court's "sound discretion" to enforce a conditional writ); *see also* 28 U.S.C. § 2243 (authorizing federal courts to dispose of habeas corpus matters "as law and justice require"). On appeal, Dumas argues that the district court abused its discretion in denying his motions.

Dumas points to various decisions by other district courts granting the types of relief he requested, but that does not mean that the district court failed to act within its discretion in *this* case by failing to grant such relief given that Dumas' direct appeal is now pending in state court. We have considered the other arguments made by Dumas, including that his case be transferred to a new district judge, and find them to be equally without merit.

Accordingly, we AFFIRM the May 23, 2005 and October 11, 2005 orders of the district court and REMAND to the district court for continuing supervision of this case in conformity with this opinion. Given the long history of this case and the unconscionable delays Dumas has already suffered, both parties are strongly encouraged to do everything possible to expedite his direct appeal. Specifically, we suggest that the District Attorney should immediately provide to Dumas the grand jury transcripts he seeks, once permission is obtained from the appropriate state court, as well as the prosecutor's notes, waiving any privilege. The District Attorney should also seek an expedited hearing to reconstruct the missing portions of the trial record and assist in every way possible to assure such reconstruction succeeds. We are gratified by the representations made in open court by the District Attorney that these things would be done.

In light of our view that Dumas should seek further relief (if necessary) from the district court, rather than this Court, we decline, at this time, to set any deadlines for the direct appeal. We GRANT Dumas's motion to supplement the appellate record before us because these materials may be useful in any further proceedings. Finally, the district court is urged to take the fact that this Court expanded the COA into consideration when deciding whether to approve counsel's CJA application.